THE KEYSTONE NATIONAL BANK OF PITTSBURG, Respondent, *v.* THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, Appellant.

First Department, June 21, 1934.

*John W. Kelly* of counsel [*Frank W. Podesta* with him on the brief; *Wise, Shepard & Houghton,* attorneys], for the appellant.

*Wilson B. Brice* of counsel [*Alexander R. Kellegrew* with him on the brief; *Merrill, Rogers, Gifford & Woody,* attorneys], for the respondent.

TOWNLEY, J. This action was brought to recover $26,000, the par value of twenty-six bonds given to the defendant as trustee in part satisfaction of the requirement of the corporate mortgage of which the defendant was the trustee, that $35,000 par value of bonds were to be retired at the end of the mortgage year of 1932.

The William Penn Garage, a Pennsylvania corporation, made a mortgage in 1926 for $725,000 at six and a quarter per cent interest. Under the sinking fund provision of the mortgage, the mortgagor

was obligated to pay on the fifteenth of each month an amount equal to one-twelfth of the amount necessary to redeem, in 1932, $35,000 worth of bonds. These monthly payments were made for nine months and the amount in the sinking fund totaled $26,250.03. No payments were made for the remaining three months but nine bonds were deposited instead.

Meanwhile, the mortgagor had become indebted to the plaintiff for large sums of money borrowed and sought to avail itself of the privilege of furnishing bonds for retirement by purchasing them at a discount and redeeming them with the trustee at par. The bonds at this time were selling at a discount of forty per cent. Due resolutions were passed enabling the mortgagor to borrow money from the plaintiff to buy bonds for ultimate redemption and to pledge the bonds as security for the loans.

In December, 1931, the mortgagor had accumulated twenty-six bonds in the plaintiff's hands. The plaintiff was directed to deliver the bonds to the trustee. This delivery was effected and request was made to pay the proceeds to the Chase National Bank. The trustee drew the plaintiff's attention to the fact that no payments could be made if the mortgagor was in default. No answer was made at that time. On January 14, 1932, the end of the mortgage year, the mortgagor was more than $30,000 in default for interest, taxes and insurance premiums. Accordingly, when the plaintiff after the fifteenth of January demanded the par value of the bonds theretofore deposited, the trustee answered that it would not make such payment because of the following provision of the mortgage: " Moneys theretofore deposited with S. W. Straus & Co., Incorporated [the original trustee], shall be available and shall be used for redemption of bonds, but shall not be used to reimburse the Company for bonds acquired and deposited by the Company until the end of the mortgage year. If, at the end of each respective mortgage year, any portion of said monthly deposits shall not have been expended in accordance with the foregoing provision, and in the further event that the Company is not in default under any of the terms, covenants and provisions of said mortgage, any surplus shall be returned to the Company."

On this appeal it is the contention of the plaintiff that the trustee was under an absolute duty to pay the mortgagor the par value of the twenty-six bonds deposited regardless of any other defaults by the mortgagor. The claim is that the money paid into the sinking fund is in the nature of an insurance security and must be segregated and devoted only to the payment of bonds for redemption and, in the event that the bonds have been received, to pay the surplus back to the mortgagor.

We find nothing in the mortgage warranting this conclusion. The clause cited above is quite plain and should be taken literally as referring to the existence of any violation of the duty of the mortgagor under the mortgage. Under this interpretation, the plaintiff had no right whatsoever to demand payment in the amount of the par value of the bonds.

Accordingly, the judgment should be reversed, with costs, and the complaint dismissed on the merits, with costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed on the merits, with costs.